JUSTICE RICE
concurs in part and dissents in part.
¶49 While I concur with much of the Court’s analysis about the parties’ arguments, I believe the Court ultimately reaches an incorrect result under the governing statutes.
¶50 Most of the Court’s analysis is directed to demonstrating that the 2009 legislative changes did not preclude “compensability of an occupational disease any time there is an underlying or pre-existing cause or disposition toward the condition.” Opinion, ¶ 34. With this I agree. Merely because a worker’s medical condition pre-exists the subject employment does not prohibit compensability. The precondition is a factor in the analysis, but does not end the inquiry.
¶51 Under the statute, the worker’s employment must be ‘the major contributing cause of the occupational disease in relation to other factors contributing to the occupational disease.” Section 39-71-407(9)(b), MCA (emphasis added). Thus, of all the factors that contribute to a worker’s medical condition, including the pre-existing nature and extent of the condition, the current work duties must be “the major contributing cause” of the medical condition in order for the condition to be a compensable occupational disease.
¶52 Section 39-71-407(13), MCA, defines the internal phrase “major contributing cause” as “a cause that is the leading cause contributing to the result when compared to all other contributing causes.’T believe that the Court, rather than inserting this sub-definition back into the definition of occupational disease in §39-71-407(9)(b), MCA, instead gives it a separate and inconsistent meaning. The Court reasons that “the result” referenced within this sub-definition is the worker’s occupational outcome, here, that ‘Grande is unable to work.” Opinion, ¶ 36. However, a worker’s occupational outcome is a disability issue, which is determined later. The provisions at issue here are not addressing disability and do not incorporate a worker’s occupational result into the definition of occupational disease. Rather, “the result” referenced here is the current medical condition at issue, to which the definition in § 39-71-407(9)(b), MCA, is applied to determine the compensability of the condition as an occupational disease. Paralleling 407(9)(b), which requires work duties to be the major contributing cause of the occupational disease ‘in relation to other factors,”407(13) likewise defines the “major contributing cause” to be the leading cause “when compared to all other contributing causes.” Together, these *346 provisions define “the major contributing cause of the occupational disease,” § 39-71-407(9)(b), MCA (emphasis added), and are not addressing an occupational result.
¶53 Thus, for Grande’s current condition to be compensable, his work duties must be “the major contributing cause of the occupational disease.” However, the Workers’ Compensation Court (WCC) did not find this to be so. Crediting the opinion of Dr. Van Belois over the opinions of the other physicians, the WCC noted that Dr. Van Belois’ opinion was that ‘Grande’s job duties, when compared to all other contributing causes, were the leading cause of the worsening or accelerating of [Grande’s] osteoarthritis.” Contrary to statutory requirement that Grande’s duties must be the leading cause of his medical condition, the WCC found that the duties were the leading cause of the “worsening or accelerating” of his condition. I submit that this analysis failed to satisfy the statutory requirements.
¶54 MSF correctly argues that this outcome improperly returns to the Polk standard. Polk permitted job-related “aggravations” of occupational diseases to be compensable. Polk v. Planet Ins. Co., 287 Mont. 79, 951 P.2d 1015 (1997). Here, the disease found to be compensable is based on job duties that are merely “the leading cause” of a worsening of the condition.
¶55 I would reverse.